UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GETACHEW Y. KASSA, *Rev.*, *also known as* John, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:20-cv-00293-HAB-SLC ) |
| CONCORDIA LUTHERAN THEOLOGICAL SEMINARY, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Before the Court is a letter from *pro se* Plaintiff Rev. Getachew Kassa, filed on September 15, 2020, requesting that the Court appoint him counsel in this matter as he is unable to afford representation. (ECF 6). Even though Plaintiff's letter is not entitled as such, the Court will treat it as a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e). *See United States v. Finazo*, 841 F.3d 816, 818 (9th Cir. 2016).

### *A. Legal Standard*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when he is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). At least as an initial matter, then, the Court must determine that the moving party is unable to afford private counsel. *See Hairston v. Blackburn*, No. 09-cv-598-MJR, 2010 WL 145793, at *10 (S.D. Ill. Jan. 12, 2010) ("[A] proceeding in *forma pauperis* pursuant to 28 U.S.C. § 1915 is a pre-requisite to appointment of

counsel under § 1915(e)(1)."); *Jackson v. Police's Annuity & Benefit Fund*, No. 97-c-7438, 1997 WL 736722, at *1 (N.D. Ill. Nov. 17, 1997) ("This Court cannot break the operative rules that provide for representation of 'any person unable to afford counsel' (28 U.S.C. § 1915(e)(1)), a standard that is linked by *id.* § 1915(e)(2) to a showing of 'poverty.'").

Even if the moving party is able to show that he is unable to afford counsel, the inquiry does not necessarily end. The Seventh Circuit Court of Appeals has instructed that the following factors should be weighed by the district court when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654-58.

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. Finally, in conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

### B. Analysis

As an initial matter, Plaintiff has not made a showing that he is unable to afford counsel. While Plaintiff claims that he is unable to afford counsel, he has paid the Court's filing fee and

2

not moved to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1).  (*See* ECF 1 at 3).  As such, there is no evidence that Plaintiff is "unable to afford counsel" pursuant to 28 U.S.C. § 1915(e)(1).  *See Jackson*, 1997 WL 736722, at *1 (finding the plaintiff's claim that she "wouldsoon [sic] run out of money" did not establish that she was "unable to afford counsel").  If Plaintiff were to renew his request for recruited counsel, then, he would need to establish that he is, in fact, unable to afford counsel under 28 U.S.C. § 1915.  The Court could end its analysis here, but for the purpose of completeness will also address the two inquiries laid out in *Pruitt*.

   Turning to the *Pruitt's* first prong, there is no indication that Plaintiff has made any attempt to secure counsel before making his request  Therefore, he fails to satisfy the threshold requirement concerning a request for recruitment of counsel.  *See Jackson*, 953 F.2d at 1073 ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010).  In determining whether to appoint counsel, this Court has typically required a *pro se* plaintiff to contact at least three attorneys.  *See Pollard v. Meadows*, No. 1:15-cv-00330-RLM-SLC, 2016 WL 128531, at *1 (N.D. Ind. Jan. 11, 2016).  Accordingly, Plaintiff must contact at least three attorneys before renewing his request for recruited counsel.

   In any event, Plaintiff's request also fails under *Pruitt's* second prong, at least at this stage of the litigation.  In general, the relative needs for counsel change depending on the stage of the litigation at issue.  *See Perez v. Fenoglio*, 792 F.3d 768, 785 (7th Cir. 2015) ("Those considerations change as a case progresses to discovery or trial.  Taking depositions, conducting witness examinations, applying the rules of evidence, and making opening statements are beyond

3

the ability of most pro se [sic] litigants to successfully carry out."). Plaintiff filed his complaint on August 18, 2020 (ECF 1), and agreed to an automatic 28-day extension for Defendants to file an answer or otherwise respond to the complaint (ECF 8). As a result, Defendants' response to the complaint is not due until October 22, 2020. (*Id.*). Besides this request for an attorney, there are no pending motions. Further, as the Court has not conducted a Rule 16(b) scheduling conference yet, discovery has not yet commenced. In other words, Plaintiff is currently not required to provide to Defendants or file with the Court any response or discovery material. Accordingly, Plaintiff's need for an attorney at this stage of the litigation appears to be minimal.

### *C. Conclusion*

In sum, Plaintiff is not proceeding *in forma pauperis*, does not appear to have made a reasonable attempt to secure representation, and appears competent and capable of representing himself at least at this stage of his case. As such, Plaintiff's request for Court-appointed counsel (ECF 6) is DENIED. Plaintiff is ORDERED to making a showing that he is unable to afford counsel and to contact at least three attorneys before renewing his request for recruited counsel.

SO ORDERED.

Entered this 24th day of September 2020.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge