UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| REV. GETACHEW Y. KASSA (JOHN), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:20-CV-293-HAB |
| ) | |
| CONCORDIA SEMINARY FORT ) | |
| WAYNE INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff, proceeding *pro se*, filed a Civil Complaint (ECF No. 1) against Defendants alleging, generally, that he was discriminated against during his doctoral studies at Concordia Lutheran Theological Seminary ("Concordia"). Now before the Court is Defendants' Motion to Dismiss (ECF No. 12). Plaintiff was granted multiple extensions to file a response. (ECF Nos. 19, 22). Plaintiff's response, such as it is, merely asks the Court to keep his lawsuit "active" until trial. (*See* ECF No. 23). The Court agrees with Defendants that the complaint fails to state a claim that is plausible on its face and will dismiss the complaint under Fed. R. Civ. P. 12(b)(6).

**A.    Plaintiff's Allegations**

Plaintiff's complaint is not a model of clarity, but he appears aggrieved by the actions of two administrators at Concordia. The first alleged tortfeasor is Dr. Charles Geishen ("Geishen") the "Academic Dean." Plaintiff alleges that Geishen "DISCRIMINATED ME" (sic) in relation to Plaintiff's doctoral dissertation. The alleged wrongdoing began in 2017, when Geishen refused Plaintiff's request to change his dissertation chairman (the original chairman was on sabbatical), causing a one-year delay in Plaintiff's studies. Once the dissertation was ready to present, Plaintiff alleges that Geishen involved the second individual Defendant, Dr. Detlev Schulz ("Schulz"), in

choosing his dissertation committee rather than allowing Plaintiff to choose his own committee. It appears that the dissertation process went poorly for Plaintiff, resulting in Concordia refusing to issue a Ph.D. Plaintiff claims that Geishen and Schulz were part of the "decision maker" (sic) that denied him the Ph.D., that they encouraged him to accept a master's degree in place of the doctorate, and that Geishen instructed him not to reapply for the Ph.D. or contact anyone involved in the dissertation process.

The allegations against Schulz are similar in theme. According to the complaint, Schulz prevented other Concordia students from editing Plaintiff's dissertation. Schulz then offered Plaintiff the aforementioned master's degree rather than the Ph.D. Plaintiff "worked for." When Plaintiff refused, and instead approached Schulz to find out the process going forward, Schulz is alleged to have told Plaintiff not to talk to anyone at Concordia and "just leave." Finally, Plaintiff claims that Schulz refused to accept a $500 donation from Plaintiff aimed at sponsoring a student, which Plaintiff asserts "was discriminating (sic) colored people."

**B.     Legal Discussion**

**1.     *Motion to Dismiss Standard***

To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories; it is the facts that count. *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010).

### 2. *Plaintiff's Complaint Fails to State a Plausible Claim*

The thrust of Defendants' argument is that, while Plaintiff may have alleged procedural irregularities in his dissertation process, he has not alleged facts that state a claim for discrimination. The Court agrees. Dissatisfaction with grades does not a federal lawsuit make. *See, e.g.*, *Bounds v. Cardinal Stritch Univ.*, 2011 WL 703593 at *2 (E.D. Wisc. Feb. 18, 2011). Plaintiff pleads no facts that, if true, demonstrate that the denial of his Ph.D. was based on some form of invidious discrimination, nor could one even infer discrimination from the complaint. The Court finds no facts in the complaint that would support a finding of discrimination in the selection of Plaintiff's dissertation committee, the denial of his Ph.D., the offering of a replacement master's degree, or his subsequent dismissal from Concordia. Plaintiff is clearly unhappy with the way the process played out, but that indignation alone cannot survive a motion to dismiss.

As Defendants additionally note, Plaintiff has not specified the type of discrimination he faced. Federal law provides a veritable cornucopia of constitutional and statutory claims addressing discrimination based on race, sexual identity, national origin, political viewpoint, and many others. While the Court disagrees with Defendants' assertion that Plaintiff must specifically identify the statute under which he proceeds, Plaintiff does have to plead facts that would entitle him to relief under some theory. Is Plaintiff claiming that he was discriminated against because of his age? His race? National origin? The fact that the Court cannot answer these questions, and that Plaintiff chose not to provide any clarification in his response, is evidence enough that the complaint is legally deficient.

### C.   Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 12) is GRANTED. Plaintiff's Civil Complaint (ECF No. 1) is DISMISSED.

3

SO ORDERED on January 12, 2021.

                                                   s/ Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT