UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| REV. GETACHEW Y. KASSA (JOHN), | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:20-CV-293-HAB |
| CONCORDIA SEMINARY FORT WAYNE INDIANA, et al., | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff's claim was dismissed by this Court on January 12, 2021. (ECF No. 24). More than a month later, on February 16, 2021, Plaintiff filed an Application to Proceed Without Prepaying Fees or Costs on Appeal (ECF No. 27). The Court concludes that Plaintiff's Application is procedurally deficient and his appeal without merit. As such, the Application will be denied.

Fed. R. App. P. 24(a) provides as follows:

(1) **Motion in the District Court**. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

A district court must deny an application for leave to proceed *in forma pauperis* if it concludes that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). "Good faith" in this context means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Here, Plaintiff did not file a notice of appeal from the dismissal of his case. While a motion for leave to appeal *in forma pauperis* can serve as a notice of appeal, it remains subject to the same time restrictions application to a paid appeal. *Alley v. Dodge Hotel*, 501 F.2d 880, 883–84 (D.C. Cir. 1974). In Plaintiff's case, that means that his application was due within thirty days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). This thirty day time limit is "mandatory and jurisdictional." *Browder v. Dir., Dept. of Corr. of Ill.*, 98 S.Ct. 556, 561 (1978). When determining when a notice of appeal is filed, a court must look to the date it is received by the clerk of the court, not the day the document is placed in the mail. *Strasburg v. State Bar of Wis.*, 1 F.3d 468, 470 n.1 (7th Cir. 1993) (*overruled on other grounds by Otis v. City of Chi.*, 29 F.3d 1159 (7th Cir. 1994)).

Plaintiff's application is stamped filed by the clerk of the court on February 16, 2021. (ECF No. 27 at 1). This was thirty-five days after the entry of the Court's judgment. The Court of Appeals, then, could not hear Plaintiff's appeal, necessitating the denial of his application for IFP status. *Gov't. of the Virgin Islands v. Ferrer*, 275 F.2d 497, 500 (3rd Cir. 1960).

Timeliness is only one of the problems with Plaintiff's application, however. Rule 24(a)(1)(C) requires that an applicant for IFP status must state "the issues that the party intends to present on appeal." This statement is a requirement, as it permits the Court to intelligently determine whether an appeal is taken in good faith. *United States v. Ramey*, 559 F.Supp. 60, 67 (E.D. Tenn. 1981) (citing *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915)).

Plaintiff's application does not include the required statement. Instead, it states, "I appeal the order and decision of the Court dated January 12, 2021 by Judge Holly A. Brady." (ECF No. 27 at 2). This is not a statement of reasons; it is the identification of the order being appealed. Plaintiff's application gives the Court no indication of the grounds upon which he intends to appeal the dismissal of his lawsuit, an omission that is fatal to his request for IFP status. *Ramey*, supra.

Perhaps most importantly, the Court cannot discern any grounds upon which Plaintiff could appeal the dismissal of his claim. The entirety of his response to the motion to dismiss is the following two sentences:

> These cases presented on 8/9/20 on Dr. Detlev Schulz and Dr. Charies Geishen to Fort Wayne District Court should remain active until the COURT date.
>
> Specially, the case presented on Dr. Detlve Schulz from number one through ten and Dr. Charies Geishen from number one through eight should remain active util the final Court dare.

(ECF No. 23 at 1). No legal or factual bases for denying the motion to dismiss are raised in these sentences. Any argument that Plaintiff might raise for the first time on appeal has been waived. *Markel Ins. Co. v. Rau*, 954 F.3d 1012, 1018 (7th Cir. 2020). Thus, there are no arguments Plaintiff could raise in an appeal, frivolous or otherwise.

For the foregoing reason, Plaintiff's Application to Proceed Without Prepaying Fees or Costs on Appeal (ECF No. 27) is DENIED.

SO ORDERED on February 18, 2021.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT